UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| (15) MARQUEL MICHAEL CUNNINGHAM, | ) | ORDER |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for Compassionate Release. (Doc. No. 2899). For the reasons which follow, Defendant's Motion is DENIED.

## I. BACKGROUND

On January 29, 2020, the Defendant was convicted of Racketeering Conspiracy and sentenced by the Court to 180 months of imprisonment. (Doc. No. 2827). Defendant filed a Notice of Appeal on February 20, 2020. (Doc. No. 2859). On April 15, 2020, while in custody of the Bureau of Prisons ("BOP") at the Federal Detention Center in Philadelphia, Pennsylvania, the Defendant submitted an administrative request for compassionate release based on concerns regarding the COVID-19 virus. (Doc. No. 2916, p. 7). In his request, the Defendant claimed to have "lung issues" and "hypothyroid issues" for which he takes medication. Id.

On April 22, 2020, the Warden of FDC Philadelphia rejected Defendant's request, after which Defendant filed the instant pro se Motion for Compassionate Release. Id.; see also (Doc. No. 2899). In the Motion, Defendant argues he is susceptible to COVID-19 due to serious asthma, hypothyroidism, and prediabetes. (Doc. No. 2899, p.1). Defendant also claims the facility at which he is to be imprisoned has cases of COVID-19. Id. He now moves under 18 U.S.C § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the custody of the BOP, relying

on the threat posed by the COVID-19 pandemic. Id. Alternatively, Defendant requests the Court order the BOP transfer him to home confinement. Id. The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 2916). The Government contends Defendant's Motion should be denied because Defendant does not meet the criteria justifying home confinement or compassionate release. See generally id.

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

After a defendant has filed a notice of appeal to the applicable circuit court, the appeal "divests the district court of its control over those aspects of the case involved in the appeal." United States v. Modanlo, 762 F.3d 403, 408 (4th Cir. 2014) (internal quotation marks omitted). Limited exceptions to the general rule exist which allow a court to "take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014) (citations omitted). In the criminal context, Rule 37 of the Federal Rules of Criminal Procedure operates as one of these exceptions. See Fed. R. Crim. P. 37(a). Under this rule, a district court can still make an indicative ruling stating it would grant the motion or that the motion raises a substantial issue, though it may also defer or deny the motion. Id.

Other courts that have faced this issue have determined that a court lacks jurisdiction when a defendant's motion for compassionate release and pending appeal both seek a reduction in sentence. See, e.g., United States v. Strom, 611 F. App'x 148, 149 (4th Cir. 2015) (per curiam) (holding that when a defendant seeks to amend a district court's judgment or sentence, such a motion will fall into "the general rule depriving a district court of jurisdiction"); see also United States v. Walls, No. 92-CR-80236, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020); United States v. Moseley, No. 16 Crim. 79 (ER), 2020 WL 1911217, at *2 (S.D.N.Y. Apr. 20, 2020).

Therefore, the Court lacks jurisdiction over Defendant's instant Motion because Defendant's appeal is pending.

Although the Government asks for an indicative ruling, (Doc. No. 2916, p. 8), Rule 37 does not appear to authorize an indicative ruling unless the court would conditionally grant the motion or the motion raises a substantial issue. Fed. R. Crim. P. 37(a). Under Rule 37 the Court may only: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Id. As the Court would not necessarily grant the motion should the Fourth Circuit remand, and as the motion does not raise a substantial issue, the Court declines to issue an indicative ruling at this time.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Compassionate Release under § 18 U.S.C. § 3582(c)(1)(A) (Doc No. 2899) is DENIED.

IT IS SO ORDERED.

Signed: June 23, 2020

_____
Frank D. Whitney
United States District Judge